NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA ex rel. THE ARIZONA DEPARTMENT OF
ECONOMIC SECURITY (CHANDRA DENISE CELIUS),
*Petitioners/Appellees*,

*v.*

BRYAN CELIUS, *Respondent/Appellant*.

No. 1 CA-CV 15-0737FC
FILED 6-7-2016

---

Appeal from the Superior Court in Maricopa County
No.  FC2010-000917
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

---

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee Arizona Department of Economic Security*

Law Office of Florence M. Bruemmer P.C., Anthem
By Florence M. Bruemmer
*Counsel for Petitioner/Appellee Chandra Denise Celius*

Bryan Celius, Tucson
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

¶1          Bryan Celius ("Father") appeals from the superior court's order modifying his child support obligation and awarding Chandra Celius ("Mother") attorney fees.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Father and Mother were divorced pursuant to a consent decree in July 2010.  In the decree, Father was ordered to pay Mother $528 in monthly child support.  After the divorce, Father became unemployed. As a result, Father petitioned the court to modify his child support obligation to $221 a month.[1]

¶3          Based on the evidence presented at the modification hearing, the court imputed a monthly income of $2,500 to Father for the purpose of calculating Father's child support obligation.  The court lowered Father's support to $358 a month, and also ordered Father to pay $75 per month toward his child support arrearages.  In addition, the court allocated the tax exemption for the parties' child, directing Mother to claim the child three out of four years and Father to claim the child one out of four years.  Finally, the court ordered Father to pay Mother $1,125 in attorney fees pursuant to A.R.S. § 25-324 (Supp. 2015).

¶4          Father filed this appeal.

## DISCUSSION

¶5          Father has not provided a transcript of the proceedings for our review.   As the appellant, it is Father's "obligation to provide

---

[1] The petition to modify support was actually filed by the Arizona Department of Economic Security ("ADES").   When Father became unemployed, he requested relief from ADES; in response, ADES intervened pursuant to Arizona Revised Statutes ("A.R.S.") section 25-509 (2007). ADES is not a party to this appeal.

transcripts and other documents necessary to consider the issues raised on appeal." *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014). In the absence of such documents "[w]e presume the items not included in the appellate record support a trial court's ruling." *Id.*

I.      Child Support Modification

**¶6**          Father argues the court made several errors in determining his support obligation. These include imputing his income, failing to include Mother's bonus in calculating her income, and reaching conclusions contrary to the evidence regarding his parenting time and the cost of medical insurance for the child.[2]

**¶7**          The trial court has broad discretion to modify a child support award. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). The court abuses this discretion only "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Id.* (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)). Additionally, in calculating child support, a court has discretion to impute income to a parent when he "is unemployed or working below" his "full earning potential." *Little*, 193 Ariz. at 521, ¶ 6.

**¶8**          All of the court's decisions regarding the parties' income, parenting time, and insurance were based on the evidence presented at the modification hearing. Because Father has not provided this court with any transcripts or evidence from the modification hearing, we presume the record supports the court's findings. *Myrick*, 235 Ariz. at 495, ¶ 11.

II.     Dependent Tax Credits

**¶9**          Father also challenges the court's order modifying the allocation of the dependent tax credit for the parties' child.[3] The court's modification allows Mother to claim the child three out of four years and Father to claim the child one out of four years; as result, Father cannot claim the child for tax purposes until 2018. According to Father, this modification

---

[2] Father also asks this court to modify his parenting time. However, Father did not raise this issue in the superior court, and cannot raise it for the first time on appeal. *Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007) (stating issues raised for the first time on appeal are waived).

[3] Under the decree, Father was entitled to claim the tax credit one out of every three years; thus, Father claimed the tax credit in 2012, and was entitled to claim the credit in 2015.

is improper, because it prohibits him from claiming the dependent tax credit for a period of more than five years.

**¶10** The Child Support Guidelines direct the trial court to allocate tax exemptions based on the parents' proportion of adjusted gross income. A.R.S. § 25-320 app. § 27 ("Guidelines") (Supp. 2015). While it is true that tax credits must be allocated in a "reasonable pattern that can be repeated in no more than [five] years," the Guidelines also provide a court may deny a parent's right to claim tax exemptions when that parent has a history of nonpayment of support. *Id.*

**¶11** The court did not abuse its discretion. The court's allocation is proportionate to the parties' adjusted gross income contained in the child support worksheet. Additionally, the record shows Father had a history of nonpayment of support.

III.    Award of Attorney Fees by the Superior Court

**¶12** Father appeals from the court's order directing him to pay Mother's attorney fees pursuant to A.R.S. § 25-324. Father argues the parties' consent decree, which states that each party would pay his or her own fees, prohibited the court from making a fee award. In addition, Father argues the court should not have ordered him to pay Mother's fees because his own financial circumstances prevented him from hiring an attorney.

**¶13** Because Father did not object to an award of fees in the superior court, we will not address this issue on appeal. "[A] party must timely present [his] legal theories to the trial court so as to give [it] an opportunity to rule properly." *Myrick*, 235 Ariz. at 495, ¶ 11 (quoting *Payne v. Payne*, 12 Ariz. App. 434, 435 (1970)). Here, Father has failed to provide a transcript or any evidence in the record showing that he opposed Mother's request for fees in the trial court.

IV.    Award of Attorney Fees on Appeal

**¶14** Mother requests an award of her costs and attorney fees incurred on appeal pursuant to A.R.S. § 25-324. Having considered the financial disparity of the parties, and the reasonableness of the position taken by Father, we decline to award Mother her requested attorney fees. However, Mother is entitled to her costs incurred on appeal.

**CONCLUSION**

¶15        We affirm the superior court's order modifying Father's child support.  In our discretion, we deny Mother's request for her attorney fees on appeal.  Mother may recover her costs.



Ruth A. Willingham · Clerk of the Court
FILED : AA