NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

HOLLI MEADOWS, *Petitioner/Appellee*,

*v.*

ANTHONY JEFFERS, *Respondent/Appellant*.

No. 1 CA-CV 16-0517 FC
FILED 9-26-2017

Appeal from the Superior Court in Maricopa County
No. FC 2015-093570
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Mesa
By Mark A. Shields
*Counsel for Respondent/Appellant*

Ellsworth Family Law, PC, Mesa
By Steven M. Ellsworth, Glenn D. Halterman
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

¶1        Anthony Jeffers ("Father") appeals portions of the family court's decree of dissolution of marriage ("decree") and the judgment in favor of Holli Meadows ("Mother") for attorney fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother petitioned for dissolution of marriage in 2015. After trial, the family court entered a decree of dissolution. Specific to this appeal, the decree divided all community debt, allocated responsibility for uninsured medical expenses, and awarded Mother attorney fees and costs under Arizona Revised Statutes ("A.R.S.") section 25-324(A). The decree did not address Father's request for attorney fees under A.R.S. § 25-408(J). The court affirmatively denied any relief sought not expressly addressed in the decree.

## DISCUSSION

### I.    Division of Student Loan Debt

¶3        Father argues the family court's division of community debt was inequitable. In a dissolution proceeding, the family court must divide the community property equitably, "though not necessarily in kind." A.R.S. § 25-318(A). "Equitable" is a concept of fairness "dependent upon the facts of particular cases." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). "In determining an equitable division, the family court has broad discretion in the specific allocation of individual . . . liabilities." *In re Marriage of Flowers*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). Accordingly, this court reviews division of community debt for an abuse of discretion. *Id.*

¶4        Both parties incurred student loan obligations over the course of their marriage. According to the record, on the date of trial Mother owed $15,547.94 and Father owed $74,477.40 in student loans. "A debt incurred by a spouse during marriage is presumed to be a community obligation

. . . ." *Hrudka v. Hrudka*, 186 Ariz. 84, 91-92 (App. 1995), *superseded by statute on other grounds*, A.R.S. § 25-324, *as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014). Father has a master's degree and makes over $8,000 per month. Mother has a cosmetology license and makes approximately $2,000 per month.[1] The family court assigned each student loan balance to the party who will ultimately benefit from the loan. On the record presented, the family court did not abuse its discretion in dividing the community debt.

## II.     Attorney Fees

### A.     Father's Request Under A.R.S. § 25-408(J)

¶5          We review a family court's denial of a request for an award of attorney fees for an abuse of discretion. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). We construe statutes de novo. *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016).

¶6          Father requested fees under A.R.S. § 25-408(J), which allows a court to assess attorney fees only "*if* the court finds that the parent has unreasonably denied, restricted or interfered with court-ordered parenting time." (Emphasis added.) The family court did not make this finding. In fact, the family court specifically found Mother's actions in denying Father temporary access to allow an investigation by the Department of Child Safety were reasonable under the circumstances. Additionally, Mother testified that Father "conceded to letting [one child]" miss visits when the child "voiced his frustration and concern about going [to Father's house]." Therefore, Father's contention that Mother had interfered with parenting time was not supported by the record. Accordingly, the court did not abuse its discretion in declining to award fees under A.R.S. § 25-408(J).

### B.     Mother's Request Under A.R.S. § 25-324(A)

¶7          This statute authorizes that a court "from time to time, after considering the financial resources of both parties . . . may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter." A.R.S. § 25-324(A). We review an award of attorney fees under this statute for an abuse of discretion. *Myrick*, 235 Ariz. at 494, ¶ 6.

---

[1]     Mother has a degenerative disc disease that limits her ability to work.

¶8        Here, the family court awarded fees based on the disparity of financial resources between the parties and because neither party acted unreasonably in the dissolution proceeding.[2] *See Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004). Moreover, in a detailed judgment, the family court addressed and disposed of Father's objections to the affidavit of attorney fees and costs. Accordingly, the family court acted within its discretion in granting Mother's request for attorney fees and cost.

## III.    Uninsured Medical Expenses

¶9        There is no dispute that while the case was pending, Father incurred expenses relating to the children's uninsured healthcare costs. Father argues that the decree was silent regarding outstanding uninsured medical expenses, but that is not the case. The family court ordered child support obligations under the decree, including uninsured medical costs, to be retroactive to June 1, 2015, the date Mother filed the petition for dissolution of marriage. Support ". . . includes medical insurance coverage . . . and uncovered medical costs." A.R.S. § 25-500(9). The decree the family court entered divides the responsibility for the children's uninsured medical expenses. Thus, the decree addressed the payment of uninsured medical expenses, the timeframe for tender of the bills to the other party, and the time limits for payment.

¶10       Additionally, Father did not present the family court with any evidence that after the decree was entered he tendered bills for the expenses to Mother, or that she refused to pay her share. In fact, Mother concedes that the outstanding uninsured medical expenditures are accurate and acknowledges her obligations under the decree.

## CONCLUSION

¶11       For the foregoing reasons, we affirm the judgment of the superior court. Both sides have requested an award of attorney fees on appeal. We deny Jeffers' request because he has not prevailed. In the

---

[2]      "[The Court Finds] that there is substantial disparity of financial resources between the parties. Because of the disparity, Father has considerably more resources available to contribute toward Mother's attorney fees and costs."

exercise of our discretion, and upon compliance with ARCAP 21, we grant Mother's request under A.R.S. § 25-324(A) for attorney fees and costs incurred on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA