NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

R. JAY CARPENTER, *Petitioner/Appellant,*

*v.*

CAROL S. CARPENTER, *Respondent/Appellee.*

No. 1 CA-CV 20-0028 FC
FILED 12-17-2020

Appeal from the Superior Court in Maricopa County
No. FC2007-009122
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

COUNSEL

Hayes Esquire PLLC, Phoenix
By Cody Hayes
*Counsel for Petitioner/Appellant*

Gerald D. Sherrill Attorney at Law, Scottsdale
By Gerald D. Sherrill
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**G A S S**, Judge:

¶1        R. Jay Carpenter and the marital community of R. Jay Carpenter and Cindy Carpenter (collectively, appellants) appeal the superior court's contempt order and related award of attorney fees to Carol S. Carpenter.[1] Because the superior court did not abuse its discretion or otherwise commit legal error, we affirm.

¶2        Jay and Carol divorced by consent decree in 2008. Under the decree, Jay agreed to pay Carol "the sum of fifteen thousand dollars ($15,000.00) per month." They also agreed the obligation was not "subject to modification as to either amount or duration by either party for any reason whatsoever, except upon [Carol's] death." The decree further specified Jay and Carol "specifically waiv[ed] any right to seek relief to modify the spousal maintenance obligation under Rule 85 of the Arizona Rules of Family Law Procedure, or any equivalent rule or statute."

¶3        In 2018, Carol filed the latest in a series of contempt petitions against Jay. The petition alleged Jay owed over $1.5 million for past-due spousal maintenance and other items under the decree, including interest. Though Jay missed many deadlines, the superior court went out of its way to give him every opportunity to be heard and to present his argument, over Carol's objections. After full briefing and a hearing on Carol's petition, the superior court found Jay "willfully decided not to pay any amounts towards his substantial spousal maintenance obligation and arrearages," and held him in contempt. The superior court entered judgment against Jay in the amount of $1,649,343.13, with interest to be calculated on the principal spousal maintenance and equalization payment arrearages. The superior court also set a $30,000.00 purge payment and awarded Carol attorney fees and costs. Appellants timely appealed. This court has

---

[1]        After his divorce from Carol, Jay married Cindy. At Carol's request, the superior court added Cindy as an indispensable party to the contempt proceedings.

jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

¶4　　　Though appellants' opening brief identifies fifteen alleged errors in five major areas, it violates court rules by failing to develop arguments and support them with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." *See* ARCAP 13(a)(7)(A). Appellants' reply brief seeks to rectify this non-compliance by "incorporat[ing], as argument, the contents of" several record documents. Among those documents is a one-hundred-page transcript, which appellants ask us to review for "arguments advanced at trial" on several topics.

¶5　　　This court will conduct no such review. "We are not required to look for the proverbial 'needle in the haystack'. We must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest." *In re Hesse's Estate*, 65 Ariz. 169, 171 (1947); *see also Lake Havasu City v. Ariz. Dep't of Health Servs.*, 202 Ariz. 549, 553, ¶ 14 n.4 (App. 2002) (party cannot comply with ARCAP 13(a) by "incorporating" superior court documents into appellate briefs). In short: "Issues not *clearly* raised and argued in a party's appellate brief are waived." *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (emphasis added).

¶6　　　Appellants raise one argument with minimal specificity—the superior court erred by awarding Carol attorney fees and costs because the record "contains no evidence of [her] income." This court reviews an award of attorney fees for an abuse of discretion. *See Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

¶7　　　To begin, appellants did not raise this issue before the superior court. "Generally, arguments raised for the first time on appeal are untimely and deemed waived." *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007). Further, the record contradicts this argument. Carol submitted evidence to the superior court showing every dollar Jay paid towards his obligations each month. True, this may not be the totality of Carol's financial resources. But it did provide the superior court with some evidence of her income. Indeed, appellants used this evidence in the superior court to object to Carol's fee request. They argued the financial disparity between Jay and Carol favored denying the request.

¶8　　　Financial disparity, however, is not the sole factor for a superior court to consider when awarding fees. "'The reasonableness of the positions each party has taken' is an additional consideration under the

current statute." *Myrick*, 235 Ariz. at 494, ¶ 9 (quoting A.R.S. § 25-324.A) (alteration omitted). Here, the superior court found Jay in contempt for "willfully decid[ing] not to pay any amounts towards his substantial spousal maintenance obligation and arrearages." We cannot, on this record, say the superior court abused its discretion.

**¶9** Carol requests attorney fees on appeal under A.R.S. § 25-324. Given Jay's repeated collateral challenges to an obligation from which he "specifically waiv[ed] any right to seek relief," we exercise our discretion and grant Carol reasonable attorney fees and costs on appeal upon compliance with ARCAP 21. On our own motion, we further direct counsel to address what portion of the fee award, if any, should be awarded against appellants' counsel personally. *See* ARCAP 25.

**¶10** For the above reasons, we affirm the superior court's contempt order and related award of attorney fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA