IN THE

# ARIZONA COURT OF APPEALS

### DIVISION TWO

---

QUENTIN BARRY MYRICK,
*Petitioner/Appellee,*

*v.*

VICTORIA K. MALONEY,
*Respondent/Appellant.*

No. 2 CA-CV 2014-0019
Filed August 29, 2014

---

Appeal from the Superior Court in Pima County
No. SP20030562
The Honorable Dean Christoffel, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

The Reyna Law Firm, P.C., Tucson
By Ron Reyna
*Counsel for Petitioner/Appellee*

Pahl & Associates, Tucson
By Danette R. Pahl
*Counsel for Respondent/Appellant*

---

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which
Presiding Judge Miller and Judge Espinosa concurred.

---

E C K E R S T R O M, Chief Judge:

**¶1**        Appellant Victoria Maloney appeals the denial of her request for attorney fees in a proceeding to modify parenting time and child support.[1]  We affirm for the reasons that follow, and we issue an opinion to remove possible confusion regarding fees in this context.  *See* Ariz. R. Sup. Ct. 111(a), (b) (publication appropriate to clarify law or call attention to laws generally overlooked).

## Factual and Procedural Background

**¶2**        The current proceedings began in June 2013 when appellee Quentin Myrick filed a petition to modify parenting time pursuant to A.R.S. § 25-403.  Maloney filed a response that included a petition to modify child support pursuant to A.R.S. §§ 25-327 and 25-403.09.  In her filing, she requested an award of attorney fees, citing A.R.S. §§ 25-324(A) and 25-403.08 as grounds for the award.

**¶3**        Maloney has not provided this court with the transcript of the hearing on the petitions, but the trial court's minute entry indicates it addressed the topic of attorney fees at that hearing.  The court granted Maloney leave to file an affidavit supporting her request, and in that affidavit she sought nearly $5,800.  Maloney argued she was entitled to the award because she had "substantially fewer resources to pay her attorney's fees," with Myrick earning "in excess of $7,000 per month" while she was "a full-time student" with a monthly income of only $1,350.  Myrick opposed the request on the ground that Maloney's unreasonable positions had necessitated the proceedings.

---

[1]While Maloney technically sought both attorney fees and costs, which are generally distinct items, *see Spanier v. U.S. Fid. & Guar. Co.*, 127 Ariz. 589, 598, 623 P.2d 19, 28 (App. 1980), we refer to them collectively as "attorney fees" or "fees" in this opinion, both for ease of reference and because the actual attorney fees here represented the bulk of the claimed expenses.  *See* A.R.S. § 25-324(C) (including "attorney fees" among "costs and expenses" recoverable under domestic relations statute).

¶4        Maloney did not ask the trial court to make findings of fact and conclusions of law, as permitted by Rule 82(A), Ariz. R. Fam. Law P., and she did not file a reply to Myrick's objection. In a signed ruling entered in November 2013, the court denied Maloney's request without making any express findings. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(2).

## Discussion

¶5        Maloney contends the trial court abused its discretion by denying her request for fees. In reviewing the court's ruling, we examine the separate statutes on which the request was based.

**Section 25-324**

¶6        A party in a proceeding to modify parenting time or child support may recover fees under § 25-324(A). The statute provides:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under [A.R.S. §§ 25-301 through 25-381.24] or [A.R.S. §§ 25-401 through 25-415]. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.

§ 25-324(A). We review a trial court's ruling on a fee request under § 25-324(A) for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, ¶ 26, 258 P.3d 164, 170 (App. 2011).

**¶7** As she did below, Maloney suggests she is entitled to an award of attorney fees because of the disparity in the parties' incomes. In support of her argument, she relies on this court's statement that "'[i]t is an abuse of discretion to deny attorney's fees to the [party] who has substantially fewer resources, unless those resources are clearly ample to pay the fees.'" *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, ¶ 21, 35 P.3d 89, 96 (App. 2001), *quoting Roden v. Roden*, 190 Ariz. 407, 412, 949 P.2d 67, 72 (App. 1997). This statement, however, does not accurately reflect our current law. Our disposition in *Robinson* made it unnecessary to clarify or amplify the point, as we could affirm the trial court there even assuming arguendo that the statement was true. *See id.* ¶¶ 20-22. For that reason, we have since cautioned litigants against taking our reasoning in that case out of context. *See Magee v. Magee*, 206 Ariz. 589, ¶¶ 15-16, 81 P.3d 1048, 1051 (App. 2004) ("It is important to note . . . that the *Robinson* court was reviewing for an abuse of discretion, not establishing predicate statutory eligibility.").

**¶8** When *Robinson* repeated the above quotation from *Roden*, we did not expressly note that *Roden* had addressed a prior version of § 25-324. *See Robinson*, 201 Ariz. 328, ¶¶ 21-22, 35 P.3d at 96; *Roden*, 190 Ariz. at 412, 949 P.2d at 72, *quoting* 1973 Ariz. Sess. Laws, ch. 139, § 2. An amendment in 1996 added the reasonableness of the parties' positions as a second factor to consider when determining whether to award fees. 1996 Ariz. Sess. Laws, ch. 145, § 9. *Roden* was thus partly superseded by this amendment, as were a number of other cases stating that the parties' financial resources are the exclusive or predominant consideration for such an award. *E.g.*, *Pearson v. Pearson*, 190 Ariz. 231, 236-37, 946 P.2d 1291, 1296-97 (App. 1997) ("'[T]he focus [is] on the parties' relative abilities to pay the fees incurred' in accord with . . . section 25-324."), *quoting Hrudka v. Hrudka*, 186 Ariz. 84, 94-95, 919 P.2d 179, 189-90 (App. 1995); *Burnette v. Bender*, 184 Ariz. 301, 305, 90 P.2d 1086, 1090 (App. 1995) ("'Under § 25-324, the court's sole consideration relates to the parties' financial resources.'"), *quoting Rowe v. Rowe*, 154 Ariz. 616, 622, 744

P.2d 717, 723 (App. 1987); *Standage v. Standage*, 147 Ariz. 473, 477-78, 711 P.2d 612, 616-17 (App. 1985) ("The sole consideration for the awarding of attorney's fees is the 'financial resources' of the parties.").

**¶9** As we explained in *Magee*, § 25-324 does not require "a showing of actual inability to pay as a predicate" for an award; "all a [party] need show is that a relative financial disparity in income and/or assets exists between the [parties]." 206 Ariz. 589, ¶ 1, 81 P.3d at 1048. But such a disparity alone does not mandate an award of fees. "[T]he reasonableness of the positions each party has taken" is an additional consideration under the current statute. § 25-324(A); *see Mangan*, 227 Ariz. 346, ¶ 27, 258 P.3d at 171; *Gutierrez v. Gutierrez*, 193 Ariz. 343, ¶ 34, 972 P.2d 676, 684 (App. 1998). And, as the plain language of § 25-324(A) makes clear, a trial court has the discretion to deny a fee request even after considering both statutory factors. *See* § 25-324(A) ("[t]he court *from time to time . . . may* order" one party to pay a reasonable amount toward the attorney fees of the other) (emphasis added); *Alley v. Stevens*, 209 Ariz. 426, ¶ 12, 104 P.3d 157, 160 (App. 2004) (noting "court may . . . award one party attorney's fees, but . . . is not required to do so").

**¶10** On the question of reasonableness, Maloney complains that "the trial court made no findings whatsoever to support its decision not to award fees." She specifically contends that "[i]t was an abuse of discretion for the trial court to deny [her] request for attorney's fees and costs . . . where there were no findings to support a ruling that [she] behaved in an unreasonable manner that prolonged the litigation." We reject this argument. "There is no obligation for the trial court to make findings of fact under . . . § 25-324" in the absence of a request. *MacMillan v. Schwartz*, 226 Ariz. 584, ¶ 39, 250 P.3d 1213, 1221 (App. 2011). Furthermore, a party cannot challenge the lack of findings when none have been requested. *See id.; see also Trantor v. Fredrikson*, 179 Ariz. 299, 301, 878 P.2d 657, 659 (1994); *In re Marriage of Pownall*, 197 Ariz. 577, ¶ 27, 5 P.3d 911, 917 (App. 2000). Assuming, without deciding, that this court could direct the trial court to make specific findings under § 25-324(A), we would decline to do so in the interest of procedural regularity.

¶11 "[T]he general law in Arizona [is] that a party must timely present h[er] legal theories to the trial court so as to give [it] an opportunity to rule properly." *Payne v. Payne*, 12 Ariz. App. 434, 435, 471 P.2d 319, 320 (1970). An appellant also has an obligation to provide transcripts and other documents necessary to consider the issues raised on appeal. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). We presume the items not included in the appellate record support a trial court's ruling. *Id.* Here, in the absence of a transcript of the hearing or a responsive filing to Myrick's objection to the requested fees, there is no indication Maloney presented a counterargument to the trial court regarding the reasonableness of her positions in the proceedings. Accordingly, we find the issue waived below. *Cf. Calpine Constr. Fin. Co. v. Ariz. Dep't of Rev.*, 221 Ariz. 244, ¶ 30, 211 P.3d 1228, 1234 (App. 2009) (finding waiver based on failure to respond in trial court).

¶12 An appellant carries the burden of showing the trial court erred. *Guard v. Maricopa County*, 14 Ariz. App. 187, 188-89, 481 P.2d 873, 874-75 (1971). On the record before us, and given the arguments presented on appeal, we have no basis to conclude the court abused its discretion by denying fees under § 25-324(A). *Cf. Solove v. Solove*, 12 Ariz. App. 203, 205, 469 P.2d 95, 97 (1970) (upholding denial of fees when record gave "no indication that the trial court abused its discretion").

**Section 25-403.08**

¶13 Maloney also sought fees under § 25-403.08, which provides as follows:

> A. In a proceeding regarding sole or joint legal decision-making or parenting time, either party may request attorney fees, costs and expert witness fees to enable the party with insufficient resources to obtain adequate legal representation and to prepare evidence for the hearing.

> B. If the court finds there is a financial disparity between the parties, the

> court may order payment of reasonable
> fees, expenses and costs to allow adequate
> preparation.

We have discovered no published case that discusses this statute as it is currently codified. In *Higgins v. Higgins*, we cited the predecessor statute as an alternative basis for an award of appellate attorney fees. 194 Ariz. 266, ¶ 30 & n.4, 981 P.2d 134, 141 & n.4 (App. 1999). This citation was unnecessary to our decision, however, and unaccompanied by any statutory analysis. We therefore regard this portion of *Higgins* as dicta, and we decline to follow it here.

**¶14** By the terms of the statute, § 25-403.08 authorizes temporary orders to facilitate a proceeding. *See* A.R.S. § 25-404(A) ("A party to a legal decision-making and parenting time proceeding may move for a temporary order."); Ariz. R. Fam. Law P. 47(A)(4) (establishing procedure for temporary orders regarding fees and expenses). The plain language of the statute indicates that it allows certain disadvantaged parties to secure attorney fees, costs, and expert witness fees "to allow adequate preparation." § 25-403.08(B). The statute does not apply to final fee determinations. *See* Ariz. R. Fam. Law. P. 78(D). Rather, it is designed to enable a party to "obtain adequate legal representation and to prepare evidence for the hearing." § 25-403.08(A). Accordingly, if a trial court denies a request under this statute, then special action relief may be appropriate, for there is often no "adequate remedy by appeal" when a disadvantaged party is improperly denied the means of adequate preparation, especially if the party lacks the resources needed to retain counsel or develop an evidentiary record. Ariz. R. P. Spec. Actions 1(a).

**¶15** Here, however, Maloney obtained legal representation and was able to prepare for the hearings without any facilitating orders being issued under § 25-403.08. She never sought a temporary or pre-judgment order for attorney fees, nor did she comply with the procedural requirements for such an order under Rule 47. Instead, she attempted to employ § 25-403.08 as an alternative ground to recover her fees in the final judgment, after the trial court had addressed the merits of the cause. Because this is not

the purpose of the statute, the court did not err by declining to award fees under this provision.

**Appellate Fees**

¶16        Both parties request an award of fees on appeal pursuant to § 25-324(A).  After considering the reasonableness of the parties' positions, as well as their respective financial resources and the significant disparity between them, we decline to grant either request in the exercise of our discretion.  *See Fry v. Garcia*, 213 Ariz. 70, ¶ 14, 138 P.3d 1197, 1200-01 (App. 2006).

## Disposition

¶17        For the foregoing reasons, the judgment is affirmed.