NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

BEVERLY SAMMONS, *Petitioner/Appellant,*

*v.*

DAVID C. KEAGGY, *Respondent/Appellee.*

No. 1 CA-CV 14-0475 FC
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No. FN2012-002771
The Honorable Kathleen H. Mead, Judge

**AFFIRMED IN PART, VACATED IN PART AND REMANDED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Phoenix
By DeeAn Gillespie Strub and Mark A. Shields
*Counsel for Petitioner/Appellant*

Michael E. Hurley Attorney at Law, Phoenix
By Michael E. Hurley
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

K E S S L E R, Judge:

¶1          Beverly Sammons ("Wife") appeals from the family court's decree of dissolution ordering David C. Keaggy ("Husband") to sell the family business and awarding Wife one-half of the sale proceeds. Wife also challenges the court's denial of her request for attorneys' fees. For the following reasons, we vacate the portion of the decree permitting Husband or the parties' adult son ("Son") to purchase the business at a discounted price and remand for further proceedings consistent with this decision. However, we affirm the denial of Wife's fee request.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In June 2012, Wife filed a petition for dissolution of her forty-year marriage to Husband. The parties disputed, among other things, the value of the business they owned equally, David Keaggy & Associates, LLC (the "Business"), which Husband operates and where Son has worked for more than seven years. Wife also requested Husband pay her attorneys' fees based on the disparity in the parties' financial resources and Husband's unreasonable positions leading up to trial.

¶3          At trial, Wife presented the testimony of Mark Hughes, a certified public accountant who specializes in business valuations, who opined the Business had a fair value of $240,000. Hughes explained that this reflects the Business's value assuming Husband continues to operate it. Hughes further testified that, if Husband—"the primary integral part of the [B]usiness"—sells the Business to a third party and continues to assist the buyer in operating it for a "transition" period of six to twelve months, the Business would have a value of $190,000.

¶4          Husband testified that Hughes' valuation is too high, but offered no contrary valuation opinion. Husband further stated that he is unwilling to sell the Business if he must work for another six to twelve months because he wants to retire. Husband explained that he hopes Son would run the Business, but Son testified he is not willing or able to

purchase it because he "can't afford it."[1]  Alternatively, Husband testified that he is willing to "dissolve" the Business or let Wife have it, but he does not want to buy out Wife's share because "I'm done."

**¶5**      In the decree, the family court noted the Business was the most valuable community asset and determined there were insufficient community assets existed to award Wife an offset of the Business's value. The court therefore ordered the parties to immediately begin the process of selling the Business with the profits to be divided equally.  The court further ordered that, if Husband or Son decides to buy the Business, either may do so for a "discounted rate" of $150,000.  The court reasoned this price is appropriate as it "will avoid the costs of sale and the issues involving transition to a new owner."  The court certified the decree to be final and appealable in accordance with Arizona Rule of Family Law Procedure 78(B).  Wife unsuccessfully moved for a new trial.

**¶6**      The court also granted Wife's request for attorneys' fees, finding Husband's financial position to be superior to Wife's and finding both parties increased the other's litigation costs.  The court, however, did not award an amount of fees; instead, it ordered Husband to pay a portion of Wife's attorneys' fees subject to Wife submitting a supporting  affidavit, in proper form, and other documentation.  Wife complied, and Husband objected on the basis Wife used more than $53,000 in community funds to pay her attorneys along with $9,000 in sole and separate funds.  The court agreed with Husband and denied Wife's fee request in an unsigned minute entry.  Wife appealed from the decree.  After hearing oral argument, this Court remanded the matter to allow the family court to enter a signed order corresponding to the denial of Wife's fee request.  The family court issued a signed order containing Arizona Rule of Family Law Procedure 78(B) language, and Wife filed an amended notice of appeal.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (Supp. 2015).[2]

---

[1]      At his deposition, Son testified he is willing to pay Wife a total of $50,000 in monthly installments for her half of the Business, and that Husband would "gift" him the other half.  Son admitted this $100,000 valuation "was a wild guess" and not based on any valuation method.

[2]      We cite the current version of applicable statutes because no revisions material to this decision have since occurred.

**DISCUSSION**

¶7        Wife argues the family court erred in ordering the Business sold and, particularly, in permitting Husband or Son to purchase it for $150,000. Instead, Wife contends the court should have awarded the Business to Husband and imposed a lien on it pursuant to A.R.S. § 25-318(E) (Supp. 2015)[3] to secure payment from Husband to Wife in the amount of $120,000 to reflect her share in the Business based on its value of $240,000. Wife also argues the court erred in denying her request for attorneys' fees.

**I.   Wife's Share in the Business**

¶8        "The valuation of assets is a factual determination that must be based on the facts and circumstances of each case." *Kelsey v. Kelsey*, 186 Ariz. 49, 51, 918 P.2d 1067, 1069 (App. 1996). This Court reviews a valuation determination for an abuse of discretion, *see State v. Mitchell*, 234 Ariz. 410, 413, ¶ 11, 323 P.3d 69, 72 (App. 2014) ("[W]e defer to the trial court's factual determinations . . . ."), including whether the record provides substantial evidence supporting the determination, *see Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) (citation omitted). At oral argument, both parties agreed that the valuation is taken from the time of the decree.

¶9        The court's order permitting Husband or Son to purchase the Business for $150,000 is not supported by the evidence. The only evidence of the Business's value is the expert opinion indicating a value of $240,000 if Husband continues to operate the Business and $190,000 in the event he sells it to a third party and assists the new owner in running the Business for six to twelve months. By permitting Husband to purchase the Business for $150,000, the court effectively authorized a $75,000 equalization payment to Wife should Husband continue to operate the Business, an amount well below what Wife is entitled to according to the expert's opinion. Additionally, the court did not impose a deadline by which a sale is to be effectuated or otherwise set out a timeframe for certain steps the parties must take to do so. According to the record, it appears Husband continues to operate the Business, but no payments have been made to Wife. At oral argument, Husband conceded that he does not want to keep

---

[3]        In relevant part, the statute states: "The court may impress a lien on . . . the marital property awarded to either party in order to secure the payment of . . . [a]ny interest or equity the other party has in or to the property." A.R.S. § 25-318(E)(1).

the business, and Son does not want to buy it. Further, there is no evidence of record regarding the anticipated "costs of sale."

¶10 With no evidence supporting a purchase price of $150,000, the court abused its discretion in permitting Husband (or Son) to "purchase" the Business for that amount. *See Carriker v. Carriker*, 151 Ariz. 296, 297, 727 P.2d 349, 350 (App. 1986) (determining valuation of professional corporation, as community asset, was not supported by evidence where there was no evidence from which court, using stated method of calculation, could have arrived at stated valuation). Accordingly, we vacate that portion of the decree allowing the Business to be sold to Husband or Son for $150,000. On remand, because Husband conceded that he does not want to keep the Business, and Son has expressed that he does not want to buy it, the court shall issue additional orders to ensure compliance with its directive to sell the Business, and secure payment to Wife of her community share of the Business's value, which, according to the record, is currently $190,000.

## II. Denial of Wife's Request for Attorneys' Fees

¶11 By statute, the family court has discretion to award a party reasonable attorneys' fees in a marriage dissolution case after considering the parties' respective financial resources and the reasonableness of the positions each has taken during the proceedings. A.R.S. § 25-324(A) (Supp. 2015). Here, as noted, the court ordered Husband to pay a portion of Wife's fees based on its findings that Husband has substantially more financial resources than Wife and because both parties unnecessarily increased the other's cost of litigation. The court also found both parties had used community funds to pay their attorneys' fees. However, when subsequently presented with the actual amount of community funds Wife had already expended for her attorneys' fees (more than $53,000), the court denied Wife's fee request for an "additional" award of fees.

¶12 Section 25-324(A) does not authorize a court to deny a fee request based solely on the use of community funds to pay fees. Indeed, the statute only restricts a fee award to a reasonable amount. A.R.S. § 25-324(A). We construe the court's determination that Wife is not entitled to an "additional" award of fees as an implied finding that Husband's community share of the $53,000 ($26,500) used by Wife to pay her attorneys was a reasonable amount. *See Lee Dev. Co. v. Papp*, 166 Ariz. 471, 476, 803 P.2d 464, 469 (App. 1990) (stating this court will imply any additional finding necessary to sustain a judgment if it is reasonably supported by the evidence).

¶13      Wife does not specifically argue that the court erred in implicitly finding Husband's approximately $26,500 payment of Wife's attorneys' fees was a reasonable sum. Instead, she argues that the parties' "extreme disparity" in financial resources required the court "to award at least some fees to Wife." But the court did award "some fees" to Wife, namely, Husband's community share of the $53,000 that she had already utilized. Further, "a disparity alone does not mandate an award of fees. '[T]he reasonableness of the positions each party has taken' is an additional consideration under the current statute." *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9, 333 P.3d 818, 821 (App. 2014) (alteration in original) (quoting A.R.S. § 25-324(A)). Wife concedes that the court found she "needlessly increased Husband's [attorneys'] fees due to a dispute . . . over the location of [Husband's] Veteran's Administration funds." Wife does not contest this finding. Accordingly, the denial of Wife's request for an additional fee award is supported by the record and was not an abuse of discretion.

## CONCLUSION

¶14      We vacate the portion of the decree that allows Husband or Son to purchase the Business for $150,000 and remand for further proceedings consistent with this decision. We affirm the order denying Wife's request for additional attorneys' fees.

¶15      Wife requests her attorneys' fees and taxable costs incurred on appeal pursuant to A.R.S. § 25-324. Husband requests his fees and taxable costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure 21 and A.R.S. §§ 12-341 (2003), -342 (2003), and -349 (Supp. 2015). In the exercise of our discretion, we deny Husband's request. We grant Wife's request for taxable costs and, in exercising our discretion, grant Wife's request for reasonable fees on appeal, contingent upon her timely compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama