NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

OSCAR JAVIER VALENZUELA, *Petitioner/Appellant*,

*v.*

STEPHANIE LUNA, *Respondent/Appellee.*

No. 1 CA-CV 15-0473 FC
FILED 2-11-2016

---

Appeal from the Superior Court in Yuma County
No. S1400DO201200556
The Honorable Maria Elena Cruz, Judge

**AFFIRMED**

---

COUNSEL

Clark & Associates, Yuma
By A. James Clark
*Counsel for Petitioner/Appellant*

Mary Katherine Boyte, P.C., Yuma
By Mary K. Boyte Henderson
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

**N O R R I S**, Judge:

¶1 This appeal arises out of an order awarding $880 in attorneys' fees to respondent/appellee, Stephanie Luna. On appeal, petitioner/appellant, Oscar Valenzuela, first argues the superior court failed to make specific findings pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324 (Supp. 2015) to justify the fee award.[1] We reject this argument.

¶2 Under A.R.S. § 25-324(A), the superior court is required to "make specific findings concerning the portions of any award of fees" if requested by a party. Here, Valenzuela did not make such a request. Accordingly, there was "no obligation for the [superior] court to make findings of fact under . . . § 25-324." *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 10, 333 P.3d 818, 822 (App. 2014) (quoting *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39, 250 P.3d 1213, 1221 (App. 2011)). Nevertheless, as discussed in more detail below, the superior court did make specific findings concerning the fee award.

¶3 Next, Valenzuela argues the superior court abused its discretion in awarding fees because it did not have "adequate facts." In awarding fees, the superior court found "[a] great deal of litigation could have been avoided by the use of effective and timely communication, the lack of such was to the detriment of [Luna]." Luna presented adequate facts supporting this finding, however, and, thus, we cannot say the superior court abused its discretion in awarding fees. *See MacMillan*, 226 Ariz. at 592, ¶ 38, 250 P.3d at 1221 ("Substantial evidence" must support the superior court's award of attorneys' fees under A.R.S. § 25-324); *Myrick*, 235 Ariz. at 494, ¶ 6, 333 P.3d at 821 ("We review a trial court's ruling on a fee

---

[1]In her answering brief, Luna argues the fee award is governed by A.R.S. § 25-503 (Supp. 2015), and A.R.S. § 25-324 is inapplicable. For purposes of this appeal, we have assumed, without deciding, that A.R.S. § 25-324 applies.

request under § 25-324(A) for an abuse of discretion.") (citing *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26, 258 P.3d 164, 170 (App. 2011)).

¶4        In June 2013, the superior court found the parties were the parents of a child and ordered Valenzuela to pay child support to Luna by wage assignment "through the Arizona Support Payment Clearinghouse." The child died on July 28, 2014.  Subsequently, the superior court terminated "current" child support effective August 1, 2014, but ordered the income withholding order to "remain in effect until such time as the amounts due in relation to the [c]ourt's prior [o]rders have been paid in full."  The superior court also ordered Valenzuela to pay $935 in attorneys' fees.

¶5        On February 4, 2015, Luna's counsel served a writ of garnishment on Yuma attorney, A. James Clark, alleging that Valenzuela then owed $10,123.88 (plus interest), which included unpaid child support and the award of attorneys' fees, and that Clark was holding monies on behalf of Valenzuela.  In his answer, Clark, as garnishee, acknowledged he was holding $10,123.88 in his trust account.[2]  On Luna's application, the superior court entered a garnishment judgment awarding her the amount sought.

¶6        Instead of complying with the garnishment judgment, 17 days after Clark answered the writ of garnishment, Valenzuela, now represented by Clark, objected to the form of the garnishment judgment and moved to set aside or amend the garnishment judgment and to terminate the income withholding order ("combined filings").  In doing so, Valenzuela did not serve Luna with an order to appear in violation of Arizona Rule of Family Law Procedure 91.  *See* Ariz. R. Fam. Law. P. ("ARFLP") 91(H) (party seeking post-judgment relief shall serve an order to appear on the opposing party).  Nevertheless, the superior court issued an order granting Valenzuela's requested relief ("set-aside order"). Unfortunately, the set-aside order did not require Clark to pay funds into the Clearinghouse, as previously ordered, nor did it take into account payments Valenzuela had made into the Clearinghouse after the child's death.  Ultimately, after Luna's counsel responded to the combined filings and expended significant legal effort, Valenzuela paid the arrearage to the Clearinghouse and the attorneys' fees to Luna.

¶7        Before Valenzuela's payments, however, the superior court realized it should not have entered the set-aside order because Valenzuela

---

        [2]Clark was holding this amount on Valenzuela's behalf from a payment received for a wrongful death claim concerning the child.

had failed to comply with ARFLP 91, and also because it had not considered Luna's response to the combined filings. Accordingly, the superior court set a hearing in the matter.

¶8        At the hearing, Luna requested additional attorneys' fees, arguing her counsel had attempted to resolve the outstanding issues through unanswered communications with Valenzuela's counsel. In support of her argument, Luna's counsel read portions of a letter into the record which Luna's counsel had sent to Valenzuela's counsel. In the letter, Luna's counsel offered "to reduce the amount of funds received under the garnishment judgment to the same amount [Valenzuela] claimed was [then] owed, to take specific action to preserve funds, to prevent any possible overpayment by [Valenzuela], and to not disburse any funds until the parties were in agreement as to the amount owed." Given this offer, the superior court agreed "that a great deal of the litigation . . . could have been avoided had there been better communication between counsel," which "was to the detriment of [Luna]." Accordingly, the superior court granted Luna $880 in attorneys' fees. Based on this record, the superior court did not abuse its discretion in awarding fees.

¶9        For the foregoing reasons, we affirm the superior court's award of attorneys' fees to Luna. We also grant Luna's request for attorneys' fees and costs on appeal contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4