NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DAVID WADE BERGEVIN, *Petitioner/Appellee*,

*v.*

MANDIE LEE BERGEVIN, *Respondent/Appellant*.

No. 1 CA-CV 21-0336 FC
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No.  FC2017-091808
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Jaburg & Wilk, PC, Phoenix
By Kathi Mann Sandweiss, Carissa K. Seidl
*Counsel for Petitioner/Appellee*

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

**¶1** Mandie Lee Bergevin ("Mother") appeals the superior court's modification of child support. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Mother and David Wade Bergevin ("Father") divorced in Washington in 2015. Mother later moved to Arizona with the parties' only child, M.B. In 2017, the superior court entered the parties' stipulated child support and parenting order. Father agreed to pay a monthly child support obligation of $6,500, an upward deviation from his $1,326.74 presumptive obligation. Father's monthly income was about $37,000.

**¶3** In 2019, Mother petitioned to modify legal decision-making, parenting time, and child support. She asked the superior court to increase Father's child support obligation to match her request for additional parenting time, which Father opposed. The court appointed a federally authorized tax preparer, Brendan Kennedy, to determine Father's gross income under the 2018 child support guidelines. *See* A.R.S. § 25-320 app. § 5 (2018) ("Guidelines").

**¶4** The superior court held an evidentiary hearing in February 2021. Kennedy testified that from 2016 to 2018, Husband earned an average monthly income of about $62,000. Kennedy attributed to Father $44,000 in monthly gross income based on the annual growth from interest accumulated by an annuity. Father's certified public accountant, Paul Neiffer, testified the annuity is akin to a retirement account and Father faced a 10% penalty for early withdrawals. As such, Neiffer believed the court should not include the annuity interest as gross income. Mother objected to Neiffer's testimony, arguing he could not offer an opinion as a non-expert witness. The court overruled Mother's objection.

**¶5** The superior court found the annuity "should be treated like any other retirement account such that its annual growth will not be considered as part of [Father's] gross income for purposes of calculating

child support." After determining the parties' combined monthly gross income totaled $23,439.50, and considering parenting time, the court attributed Father a $641 monthly child support obligation.

**¶6** In determining whether to deviate from that obligation, the superior court stated the parties presented "very little evidence" on whether an upward deviation was in M.B.'s best interests or what her reasonable needs were. Mother testified about the parties' high standard of living during marriage and stated that she wants nice clothes and vacations with M.B. The court acknowledged that Father pays for M.B.'s private school tuition, funds all of M.B.'s extra-curricular activities, and gives $5,000 annually for M.B. to travel with Mother. The court then ordered an upward deviation totaling $3,000 per month—$3,500 less than Mother requested.

**¶7** The superior court also granted Mother $30,000 in attorneys' fees and costs, considerably less than the over $186,000 she requested. Both parties moved for reconsideration, and Father sought relief under Arizona Rule of Family Law Procedure 83. Based on Father's Rule 83 motion, the court reduced Father's presumptive child support obligation to $591 but otherwise affirmed its previous child support order.

**¶8** Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶9** Mother challenges the characterization of Father's annuity interest, the admission Neiffer's testimony, and the attorneys' fees award.

### I. Father's Gross Income

**¶10** The superior court has broad discretion to set child support awards and "we will uphold the award unless it is devoid of competent evidence." *Nash v. Nash*, 232 Ariz. 473, 478, ¶ 16 (App. 2013) (cleaned up). We review *de novo* the court's interpretation of the child support statutes and the Guidelines. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).

**¶11** The Guidelines "establish a standard of support for children consistent with the reasonable needs of children and the ability of parents to pay." Guidelines § 1(A). To determine a parent's child support obligation, the superior court must first ascertain the parties' gross incomes. *See id.* at § 5. The court then makes any necessary adjustments to the parties'

combined gross income to calculate a presumptive monthly obligation. *See id.* at §§ 5–13. The Guidelines incorporate a schedule with presumptive child support obligations based on the parties' combined gross income. The maximum combined gross income in the Guidelines is $20,000 per month. When the parties' combined gross income exceeds this maximum amount, a parent seeking an upward deviation must demonstrate that a higher amount is in the child's best interests. *See id.* § 8; *see also Nash*, 232 Ariz. at 478, ¶ 16.

¶12 Mother contends that if the superior court had characterized the annuity interest as gross income, then it would have considered awarding a higher deviation and the court thus erred in excluding the annuity. But Mother bore the burden to establish that an upward deviation was in M.B.'s best interests. She also bore the burden to prove that her requested deviation amount was necessary to meet M.B.'s reasonable needs.

¶13 We agree with the superior court that the parties presented very little evidence as to M.B.'s best interests. The court cited Mother's testimony about her home's size and her desire for nice clothes and vacations with M.B. The court also noted Father's $5,000 annual contribution to Mother's travel and Father's financing of M.B.'s private school and extracurricular activities. Mother had ample opportunity to testify about the amount of deviation necessary to meet M.B.'s reasonable needs. Mother does not now assert, nor did she to the superior court, that the ordered deviation is insufficient to meet those reasonable needs. We will not reweigh the evidence as to what deviation amount is appropriate here. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). The record contains competent evidence to support the court's order and we find no abuse of discretion.

## II. Neiffer's Testimony

¶14 Mother argues the superior court abused its discretion by permitting Neiffer to provide expert testimony as a lay witness. We review the court's admission or exclusion of lay opinion testimony for an abuse of discretion. *Groener v. Briehl*, 135 Ariz. 395, 398 (App. 1983).

¶15 Arizona Rule of Evidence 701 governs the admissibility of lay opinion testimony. "If a witness is not testifying as an expert," his testimony is limited to an opinion that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or

other specialized knowledge within the scope of Rule 702." Ariz. R. Evid. 701.

¶16        Father did not disclose, nor did the superior court qualify, Neiffer as an expert witness. His testimony is thus only admissible as relevant lay opinion testimony under Rule 701. Neiffer testified that he disagreed with Kennedy's characterization of Father's annuity interest because Kennedy failed to account for tax penalties associated with the annuity. Neiffer then testified that he and Kennedy attributed Father a gross income amount that was "pretty close." Mother objected, arguing Neiffer lacked experience to determine income for child support purposes. Overruling the objection, the court stated Father's gross income presented an issue of law that it would ultimately decide.

¶17        Assuming, without deciding, the superior court abused its discretion by permitting Neiffer's testimony, we find no error because it decided Father's gross income as a matter of law. *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996) ("We will not disturb a trial court's rulings on the exclusion or admission of evidence unless a clear abuse of discretion appears and prejudice results.").

### III.        Attorneys' Fees and Costs

¶18        Mother argues the superior court abused its discretion by awarding her only $30,000 of the more than $186,000 in attorneys' fees and costs she requested. We review the court's attorneys' fees award for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014). The court awarded Mother attorneys' fees because of the disparity in the parties' financial resources. But the court expressed concern about the reasonableness of Mother's fee request and encouraged the parties to reach an agreement. The parties did not reach such an agreement, and the court ultimately awarded Mother $30,000.

¶19        Mother contends Father's positions were unreasonable, contrary to the superior court's finding. We disagree. And in any event, the court apparently reduced Mother's fee award based on the unreasonableness of her request. Father had already paid Mother's fees from the temporary order proceedings and all of Kennedy's fees. The superior court did not abuse its discretion in awarding fees.

¶20        Both parties also request attorneys' fees on appeal. Neither party took unreasonable positions but based on the disparity of the parties' financial resources, we award Mother her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

**CONCLUSION**

¶21      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA