NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SARRAH SALUS, *Petitioner/Appellee*,

*v.*

ERNESTO MATA, *Respondent/Appellant*.

No. 1 CA-CV 22-0258 FC
FILED 6-1-2023

Appeal from the Superior Court in Maricopa County
No. FC2019-053504
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Becker Zarling & Smith Law, Avondale
By Gina M. Becker-Zarling
*Counsel for Petitioner/Appellee*

Rose and Associates, PLLC, Chandler
By Timothy J. Rose
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

¶1        Ernesto Mata ("Father") appeals three separate awards of attorney's fees and costs to Sarrah Salus ("Mother"). For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

### *The First Award*

¶2        Mother and Father never married but have one child in common, born in 2018. In 2019, Mother petitioned the superior court to establish paternity and issue legal decision-making, parenting time, and child support orders. About a year later, before the court had issued any order on Mother's petition, Father moved for emergency temporary orders, alleging Mother had, among other things, "recklessly" placed the child in "physical harm," including exposing the child to COVID-19 while traveling out-of-state for a family member's funeral. The court held an evidentiary hearing on Father's motion, largely denying it, and later held a trial on Mother's petition. In December 2020, the court issued its final order on Mother's petition. As part of its final order, the court denied both parties' requests for attorney's fees.

¶3        Within weeks, Mother moved the superior court to amend its order, including its denial of Mother's request for attorney's fees, based upon newly discovered evidence related to Father's emergency motion for temporary orders. Mother alleged that Father's motion was made in "bad faith," and that shortly after Father filed his motion, he traveled out-of-state to visit his girlfriend—a nurse who actively worked with COVID-19 patients—and then exercised parenting time with the child immediately afterwards. Mother also alleged that Father manipulated and threatened his girlfriend to conceal this fact, as well as other instances of domestic violence, from the court.

¶4        The superior court held an evidentiary hearing on Mother's motion to amend in early 2021. The court found that Father's conduct had

been "egregious"; that Father "[lied] to Mother and the Court"; that Father "emotionally manipulated" his girlfriend to conceal his domestic violence against her, including domestic violence in front of the child; and that Father violated a previous court order. The court stated it "never would have denied Mother's original request for attorney's fees had it been aware of [Father's] conduct." The court directed Mother to submit an affidavit for attorney's fees for "all work performed on this case." Mother complied, requesting $65,641.60 in attorney's fees. Father objected. The court awarded Mother $39,284.00 in attorney's fees.

*The Second Award*

**¶5**        A few months later, Mother petitioned the court to enforce child support when Father failed to make support payments for three months. She also requested attorney's fees related to the newly filed petition. The parties reached an Arizona Rule of Family Law Procedure ("ARFLP") 69 agreement on the issue, and the court scheduled an enforcement hearing a few months later "to make sure that Father was performing his obligations under the Rule 69 agreement." About a month after the hearing, Mother filed an application for attorney's fees and costs requesting $1,840.00. The court granted Mother's request, finding, in part, "Father and his attorney asserted unreasonable positions at the review hearing."

**¶6**        Mother submitted a prepared order for the court's signature, which the court endorsed. Father moved for relief arguing that Mother's request for attorney's fees was untimely under ARFLP 78(e)(3) because it was filed more than fifteen days after the court issued its minute entry. The court denied Father relief.

*The Third Award*

**¶7**        In late 2021, Father petitioned the superior court to modify child support under the simplified process, alleging that there had been a substantial and continuing change of circumstances since the last child support order based upon his change in employment and reduction in income. Following an evidentiary hearing, the court denied Father's petition, finding that no substantial and continuing change of circumstances had occurred, and that even viewing the evidence in a light most favorable to Father, his modified child support obligation would differ from his current obligation by less than 3%. The court granted Mother her attorney's fees and costs over Father's objection but awarded only $4,500.00 of the $5,112.00 Mother requested. In its order, the court stated

"[t]his judgment is entered in the nature of child support and as such is enforceable by all legal remedies, including the court's contempt power."

¶8            Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶9            Section 25-324(A) gives the superior court discretion to award attorney's fees and costs after considering (1) "the financial resources of both parties" and (2) "the reasonableness of the positions each party has taken throughout the proceedings." We review each of the court's awards of attorney's fees and costs for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

    *I.        The First Award*

¶10          Father contends that $39,384.00 was an unreasonable amount for the superior court to award Mother because Mother had only accrued $8,052.46 in attorney's fees as of August 2020, but that amount increased to $65,641.60 eight months later, "an increase of 800%." Father does not explain why $39,384.00 was unreasonable, only that the percentage of the increase in fees over several months was unreasonable. But on appeal, Father does not object to specific billing entries, identify any duplication or unreasonable billing practices, or raise other factual issues with the amount of fees billed. And the $8,052.46 of attorney's fees Mother had accrued by August 2020 did not include attorney's fees incurred for the trial on Mother's petition, for subsequent investigation into Father's deceptive behaviors connected to his motion for emergency temporary orders, for Mother's motion to amend the court's judgment, or for the evidentiary hearing held on Mother's motion to amend.

¶11          Father also claims that the superior court did "not rule on" his objection to Mother's request. Though the court's order awarding Mother $39,384.00 does not expressly state that the court considered Father's written objection, the court clearly did as evinced by the court awarding $26,257.60 less than Mother requested.

¶12          Father further argues that the superior court erred because it failed to explain what made the award of $39,384.00 reasonable. But the court is not required to make specific factual or legal findings when awarding attorney's fees under A.R.S. § 25-324. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39 (App. 2011). Regardless, the court stated it considered

4

both parties' financial resources and found that "Father's financial resources are superior to those of Mother." The court also identified several specific acts of dishonest behavior by Father, *supra* ¶ 4, which ultimately caused Mother to accrue more in attorney's fees in uncovering Father's "egregious" behavior and litigating over it. Father has shown no error.

## II. The Second Award

**¶13** Mother requested attorney's fees in her petition to enforce child support. At the enforcement hearing, the superior court expressed its reluctance to award those fees but invited Mother to "[g]o ahead and file your [] motion, I guess, but I'm going to look at it real hard." The court subsequently issued an unsigned minute entry on the child support issue but did not address attorney's fees. Nearly a month later, Mother again petitioned for attorney's fees and costs, requesting $1,840.00. The court granted Mother's request based upon Father and his attorney's conduct at the hearing, *supra* ¶ 5.

**¶14** Father contends that Mother was obligated under ARFLP 78 to file her petition for attorney's fees within fifteen days of the court's minute entry.

**¶15** ARFLP 78(e)(3) provides:

> The determination of attorney fees, costs, and expenses must be included in the judgment or as otherwise ordered by the court. If a party asserts a claim for attorney fees, costs, and expenses under subpart (e)(1), and a judgment is entered under this rule that omits a ruling on the claim, the claim is deemed denied unless the party files a timely Rule 83 motion within 15 days after entry of the judgment.

**¶16** The fifteen-day requirement for requesting attorney's fees and costs under ARFLP 78(e)(3) applies specifically to Rule 78 judgments. Judgments include, *inter alia*, "decision[s] defining or modifying . . . child support." ARFLP 78(a)(1). On the other hand, Rule 78 "decisions" include "a written order, ruling, or minute entry that adjudicates at least one claim or defense." ARFLP 78(a)(2). The minute entry here looks more like a decision and less like a judgment. That distinction is worth noting because Rule 78's fifteen-day requirement for Mother to request her attorney's fees and costs expressly applies to "judgments" (with no mention of "decisions"). Regardless, the court never signed the minute entry, nor did the minute entry contain any Rule 78(b) or (c) finality language. *See* ARFLP 78(g)(1) ("All judgments must be in writing and signed by a judge or court

commissioner duly authorized to do so."). The fifteen days did not begin to run upon the court's issuance of the minute entry. Mother's subsequent petition for attorney's fees and costs was not untimely. On this record, Father's argument fails.

III.    *The Third Award*

¶17         Father next argues that the superior court abused its discretion by awarding Mother attorney's fees stemming from Father's unsuccessful petition to modify child support.

¶18         Father filed his petition under the simplified procedure:

> [A] parent . . . may request the court to modify a child support order if application of the guidelines results in an order that varies 15% or more from the existing amount. A fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of circumstances.
>
> . . .
>
> The simplified procedure also may be used by [a] parent . . . to modify a child support order to assign or alter the responsibility to provide medical insurance for a child who is subject of a child support order. A modification of the medical assignment or responsibility does not need to vary by 15% or more from the existing amount to use the simplified procedure.

*See* A.R.S. § 25-320 app. (2018) ("Guidelines") § 24(B). The parties stipulated to using the Guidelines and child support calculator that existed at the time Father filed his petition.

¶19         The superior court found that Father failed to show a substantial and continuing change of circumstances between the initial child support order and his petition to modify. *See* A.R.S. §§ 25-327, -503, Guidelines § 24(A), (B). The court stated that under the simplified process, "Father had the burden to show that the application of the Guidelines results in an order that varies 15% or more from an existing amount." And that "even after viewing the evidence in the light most favorable to Father, . . . Father's modified child support obligation would differ from his current obligation by less than [3%]." Mother, as the prevailing party, requested her

attorney's fees and costs. Over Father's objection, the court awarded Mother $4,500.00.

**¶20**    Father contends it was error for the superior court to find no substantial change in circumstances because his change of employment resulted in a loss of health insurance coverage for the child. *See* Guidelines § 24(B) ("A modification of the medical assignment or responsibility does not need to vary by 15% or more from the existing amount to use the simplified procedure.")

**¶21**    Though Father briefly mentioned a change in his health insurance at the evidentiary hearing, Father did not claim in his petition that a change in the child's health insurance was a basis for modification, nor did Father's child support worksheet he submitted with that petition indicate any change in the child's health insurance coverage. To the contrary, Father's own child support worksheet credits him with $660.00 monthly for the child's health insurance cost and Father's financial affidavit expressly states that the child is covered under Father's health insurance. On this record, Father has shown no error.

**¶22**    Finally, Father takes issue with the superior court's order that Mother's $4,500.00 attorney's fees award "is entered in the nature of child support . . . ." But Father provides no legal authority to support his position. ARCAP 13(a)(7)(A) (requiring arguments on appeal to contain "supporting reasons for each contention, and with citations of legal authorities . . . on which appellant relies").

  *IV.    Attorney's Fees on Appeal.*

**¶23**    Both parties request attorney's fees on appeal under A.R.S. § 25-324(A). Having considered both parties' financial resources and the reasonableness of positions taken, in our discretion we grant Mother's request for reasonable attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶24        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA