NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CINDY BROWN, *Petitioner/Appellee,*

*v.*

GREGORY SAENZ, *Respondent/Appellant.*

No. 1 CA-CV 23-0539 FC
FILED 05-21-2024

Appeal from the Superior Court in Maricopa County
No. FC2022-052085
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Cindy Brown, Glendale
*Petitioner/Appellee*

Gregory Saenz, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

¶1        Gregory Saenz ("Father") appeals the superior court's award for past-due child support to Cindy Brown ("Mother") in the amount of $20,062.00. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father were never married and have one minor child in common. In August 2022, Mother filed a petition seeking several requests including past-due child support. Father contested Mother's requests and asked the court not to order past-due child support because he alleged both parties contributed equally to their child's upbringing. Lastly, Father disputed Mother's request for attorneys' fees. After trial, the court ordered Father to pay Mother $20,062.00 in past-due child support for the period from December 31, 2019 to July 31, 2023.

¶3        Father timely appealed and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

¶4        Father's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 because it does not provide any citations to legitimate legal authorities or to the record for his factual assertions or arguments. ARCAP 13(a)(5), (7). Such violations may constitute waiver of the deficient arguments. *See Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022). Self-represented litigants are held to the same standards that attorneys must follow. *Id.*

¶5        Mother did not file an answering brief in this appeal. Such failure can constitute confession of error under certain circumstances. *See e.g.*, *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965) (observing that where an appeal raises debatable issues, reviewing courts "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee.").

¶6         Despite the deficiencies of Father's opening brief and Mother's failure to file an answering brief, we nevertheless address the merits of this appeal because Father's appeal—which challenges an award of child support—affects the best interests of a non-party child. *See Candia v. Soza*, 251 Ariz. 321, 323–24 ¶ 7 (App. 2021) (declining to find a confession of error for failure to file an answering brief in child-support matter). Thus, we instead "deem the appeal submitted for decision based on the opening brief and the record." ARCAP 15(a)(2).

## DISCUSSION

¶7         We review awards of child support for an abuse of discretion and "will affirm the court's rulings for any reason supported by the record." *Nickel v. Potter*, 256 Ariz. 292, 295 ¶ 9 (App. 2023). "We accept the . . . court's findings of fact unless clearly erroneous and review de novo the court's interpretation of the Arizona Child Support Guidelines, A.R.S. § 25-320." *Hoobler v. Hoobler*, 254 Ariz. 130, 140 ¶ 22 (App. 2022). Further, it is the appellant's responsibility to provide transcripts of hearings and any other documents necessary for us to consider such evidence on appeal. *Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014). Absent these documents, we must presume that facts contained in missing record items support the court's ruling. *Id.*

¶8         Father argues the court erred in ordering him to pay $20,062.00 in past due child support because (1) the court did not sufficiently credit him for his allegedly equal parenting time and financial contributions towards raising their child, and (2) Mother misrepresented her income and childcare expenses.

¶9         Father's first argument fails on this record. The child support worksheet reflects that the court credited Father with equal parenting time. And to the extent Father argues his financial contributions were under-calculated or under-valued because of alleged misrepresentations in Mother's testimony at a contested hearing, such claims are also unavailing.

¶10         The court based its order for past due child support on the "time periods that the [c]ourt and the parties discussed during the May 8, 2023 hearing." But without the transcript from this hearing, we must presume sufficient facts presented at that hearing support the court's order. *See id.*

¶11         Moreover, we do not reweigh evidence or reassess credibility on appeal. *Williams v. King*, 248 Ariz. 311, 317 ¶ 26 (App. 2020). Thus, even if Father had provided the transcripts, the court's assessment of the

credibility and weight given to all testimony and evidence presented at the May 8, 2023 trial is binding on us.

¶12        In summary, Father's argument that the court under-valued his financial contributions towards raising the child because of Mother's testimony fails both because we lack a transcript of this testimony to review and must presume the facts developed support the court's order, *see Myrick*, 235 Ariz. at 495 ¶ 11, and because, in any event, we cannot reweigh the credibility of any such testimony. *See Williams*, 248 Ariz. at 317 ¶ 26.

¶13        Father's second argument—that Mother allegedly misrepresented her own income and childcare expenses—also fails for these same reasons. The record does not establish Father raised this argument to the superior court. While he could contest Mother's representations of her income and childcare expenses at trial, he may not do so for the first time on appeal, and without the transcript, we must assume that this issue was not raised. *See Lunney v. State*, 244 Ariz. 170, 181 ¶ 40 (App. 2017) (stating "[i]ssues not raised before the superior court are waived on appeal.").

## CONCLUSION

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV