NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE: MH2024-005691

No. 1 CA-MH 24-0145

FILED 04-24-2025

Appeal from the Superior Court in Maricopa County
No. MH2024-005691
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Beatrice Thomson, Phoenix
*Appellant*

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1 Appellant ("Patient") challenges the superior court's order requiring her to undergo involuntary treatment. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In June 2024, Patient, who is homeless, brought a machete into a bus station, refused to leave, claimed the land was sacred ground belonging to her ancestors, and spoke to a tree. The incident led a crisis case manager to apply with Urgent Psychiatric Care Central ("UPC") in Phoenix to evaluate Patient on an emergency basis.

¶3 At UPC, Patient was seen by a mental health nurse practitioner. The nurse practitioner felt Patient suffered from a mental disorder which caused her to be a danger to others. Because Patient refused treatment, the nurse practitioner petitioned the superior court to order Patient be evaluated further. The court issued an *ex parte* detention and evaluation order and appointed an attorney to represent Patient. The next day, Patient, through her attorney, requested an evidentiary hearing to challenge the order.

¶4 Before the hearing, pursuant to A.R.S. §§ 36-539(B), -533(B), two psychiatrists evaluated Patient. Patient refused to answer many of Dr. Sondra Schultz's questions because Patient viewed any assessment of her as a "rape and kidnap of [her] spirit." With Dr. Kevin Yang, Patient was disorganized and paranoid and stated she was "being organic" at the bus station. After the evaluations, both psychiatrists agreed Patient was persistently or acutely disabled due to a mental disorder and required inpatient and outpatient psychiatric treatment. Both submitted affidavits to the superior court in advance of the hearing detailing their independent observations and the basis for their opinions.

¶5 At the hearing, by stipulation of the parties, the superior court considered both psychiatrists' affidavits. The court also heard testimony

from two witnesses acquainted with Patient, including the crisis case manager. At the conclusion of the hearing, the court found by clear and convincing evidence that Patient suffered from a mental disorder and, as a result, was "persistently or acutely disabled, . . . in need of treatment, and . . . unwilling or unable to accept voluntary treatment." Because the court also found no other available or appropriate alternatives outside of court-ordered treatment, the court ordered Patient to undergo treatment for up to 365 days, with no more than 180 days inpatient, until she was no longer persistently or acutely disabled.

¶6         Patient timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 36-546.01.

## DISCUSSION

¶7         As an initial matter, we note that since the Maricopa County Attorney's Office filed its answering brief, Patient has filed the following: (1) motion to amend opening brief; (2) motion to correct and modify record on appeal; (3) motion to accept late filing; (4) amended opening brief; (5) notice of intention not to order transcripts; (6) objections, relief (reply brief); (7) statement of issues on appeal; (8) narrative statement; (9) motion to vacate void judgment; and (10) reply brief. To the extent each pleading requests this court to grant affirmative relief, we deny each. Instead, we consider only Patient's first opening brief and first reply brief.

¶8         The superior court may order involuntary treatment of a patient if "the court finds by clear and convincing evidence that the proposed patient, as a result of mental disorder, is a danger to self, is a danger to others or has a persistent or acute disability or a grave disability and is in need of treatment, and is either unwilling or unable to accept voluntary treatment." A.R.S. § 36-540(A). Evidence must include "the testimony of two or more witnesses . . . acquainted with the patient . . . and testimony of the two physicians or other health professionals who participated in the evaluation of the patient." A.R.S. § 36-539(B). On appeal, this court will affirm an involuntary treatment order if supported by substantial evidence. *In re M.H. 2007-001236*, 220 Ariz. 160, 165, ¶ 15 (App. 2008).

¶9         Patient asks this court to "release" her from court-ordered treatment and restore any losses caused by the "opposing agents." Patient's arguments supporting that request include: (1) the superior court lacked jurisdiction because Patient is not a "person" and is not the named

individual in this case; (2) the court order does not apply to her because Patient did not have a contract with, nor did she give consent to, the State to "be custodian over [her] property and body"; (3) the police used excessive force and committed an unlawful seizure; (4) destruction of due process; (5) deprivation of rights; (6) improper application of the Arizona Rules of Civil Procedure and Rules of Evidence; (7) judicial bias; (8) invasion of privacy; (9) lack of standing; and (10) ineffective assistance of counsel. Patient also argues that since the State did not create her mind, it did not have "first hand knowledge of the function or possible malfunctions of [her] brain."

**¶10**        Because Patient has not provided appropriate references to the record in her opening brief, nor has she provided citations to legal authorities to support any of her arguments—and we are aware of none—she has waived them. ARCAP 13(a)(7)(A). Further, since Patient has not provided a transcript of the superior court proceedings from which she appeals, we presume the missing transcript supports the court's findings. *See* ARCAP 11(c)(1)(B); *see also Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014). On this record, Patient has not shown error.

**CONCLUSION**

**¶11**        For the foregoing reasons, we affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR

4