477 P.2d 754

Harry McELWAIN and Jane Doe McElwain, husband and wife, Appellants,

v.

E. John SCHUCKERT and Beverly Schuckert, husband and wife, d/b/a Schuckert's Furniture, Appellees.

No. 1 CA–CIV 1193.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 10, 1970.

Rehearing Denied Jan. 4, 1971.
Review Denied Feb. 16, 1971.

Richmond, Ajamie, Fay & Warner, by Amil J. Ajamie, Phoenix, for appellants.

Kaplan, Wilks & Abrams, by Richard B. Wilks, Phoenix, for appellees.

JACOBSON, Judge.

In this appeal from the judgment of the Maricopa County Superior Court, entered in favor of the plaintiff, E. John Schuckert and his wife, we are primarily asked to review the sufficiency of the evidence supporting the judgment.

Plaintiffs-appellees, E. John Schuckert and Beverly Schuckert, d/b/a Schuckert's Furniture, brought an action for fraud and breach of warranty against defendant-appellant, Harry McElwain, in Superior Court of Maricopa County, Arizona. Plaintiffs' causes of action were based upon a transaction in which defendant allegedly sold to plaintiff 27 General Electric color television sets which were later found to be stolen. The trial court, sitting without a jury, entered judgment in plaintiffs' favor for $6,047.00.

Viewing the facts in a light most favorable to sustain the trial court, the following appears.

On Saturday evening, February 3, 1968, a telephone call was placed to the plaintiffs' place of business and taken by plaintiffs' bookkeeper, Mr. Osterreicker. Mr. Osterreicker testified that the caller identified himself as the defendant and that he personally recognized the defendant's voice. He further testified that the defendant told him that he had some GE television sets for sale and that he wanted to get in touch with Mr. Schuckert. Mr. Osterreicker gave defendant Mr. Schuckert's unlisted home phone. Mrs. Schuckert testified that on the same evening she answered the phone at home, gave the receiver to her husband, a conversation ensued, and that after completing the call her husband told her that the defendant had called. Several other telephone calls were placed the next day to the Schuckert home, all from the defendant.

Mr. Schuckert testified that the substance of these several telephone calls was that the defendant had some television sets to sell and that it had to be a cash sale. He further testified that payment was to be made to the person delivering the sets after inspection. Mr. Schuckert agreed to purchase the sets.

Twenty-seven GE color television sets were delivered to Schuckert's place of business that Sunday, were inspected and the person delivering the sets was paid $3,700.00 cash as part payment at the time of delivery.

Plaintiff had a sale in progress on the Sunday in question, and he immediately put some of the sets on the floor for sale.

The following day, Monday, the delivery-man returned to plaintiffs' store and was paid an additional $1,500.00 in cash.

Approximately two weeks later, the police arrived at the plaintiffs' store and took possession of the remaining General Electric television sets, all of which had apparently been stolen from a third party.

Following plaintiffs' payment of $6,894.-00 to the true owner of the television sets, the instant litigation was commenced.

The defendant contends that he never called the plaintiffs on Saturday, that he made no representations that he owned the sets, that he was merely passing information as to the availability of these sets to the plaintiffs as a business favor and that he never received any money from this transaction.

The defendant offers four questions for review by this court.

■ The first question challenges the trial court's refusal to admit the deposition of the plaintiff, E. John Schuckert, into evidence.

Following extensive examination of the plaintiffs by both sides, the defendant offered Mr. Schuckert's deposition in evidence, in its entirety, for the court to consider any inconsistencies contained therein as compared to Mr. Schuckert's testimony at trial. After discussion between the court and counsel as to the admissibility of the deposition, the court stated:

"The Court: Well, I will recheck the rule and will see what it says.

"It may be you are correct, but I was under the impression for witnesses in Court, depositions as such weren't admissible.

"Of course, it would be used by counsel for impeachment, but I will check the rule and will reserve ruling on it."

There is no indication in the record of a ruling by the court as to the offer of the deposition nor is there evidence of a request for such.

Defendant correctly cites the case of Atchison, Topeka and Santa Fe Railway Co., v. Parr, 96 Ariz. 13, 391 P.2d 575, (1964), for the established rule that "a motion which is not ruled upon is deemed denied by operation of law." However, an offer of evidence is not a "motion," hence, it is not within the purview of the rule. Postponement of a ruling as to the admissibility of evidence is not an exclusion of such evidence and the failure to request a ruling is deemed an abandonment of the evidence sought to be admitted. Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961).

■ Defendant's second question for review challenges the trial court's limitation of defendant's cross-examination of plaintiff's wife, Mrs. Schuckert.

The relevant portions of the record are as follows:

Cross examination of Mrs. Schuckert by Mr. Ajamie:

"Q Mrs. Schuckert, before then had you ever talked to Mr. McElwain?

"A Yes, when he worked at the store and a couple of days when I helped at the store.

"Q Can you honestly say that you recognized the voice?

"A I only know when he told me who he was and when he called previously when John told me."

* * * * * *

"Q Then, you and Mr. Schuckert discussed it, did you?

"A Yes.

* * * * * *

"Q He told you then he purchased them from Harry?

"A I knew he purchased them from Harry.

\*    \*    \*    \*    \*    \*

"Q Well, in other words, you had considerable discussion with your husband with respect to the whole transaction?

"Mr. Wilks: Your Honor, object. This isn't leading us anywhere. It isn't relevant to the issue.

"The Court: Be sustained. Anything further.

"Mr. Ajamie: No, sir."

Defendant now states that had he been allowed to continue with this line of questioning he would have been able to show that Mrs. Schuckert knew nothing about the fact other than that which her husband told her. Such might well have been the case, however, as shown by the testimony hereinafter quoted concerning defendant's next question for review, Mrs. Schuckert in fact testified she knew only what her husband had told her. Moreover, there is no indication that the sustaining of an objection to the above line of inquiry precluded defendant from pursuing the witness's credibility. Defendant might well have asked further questions of the witness, but having failed to do so, or otherwise pursue the matter, he may not now proceed on appeal on the assumption that what he failed to do would have been objected to and sustained and that such would constitute reversible error.

■ The third question for review concerns the propriety of the trial court's action in overruling defendant's objection to the testimony of Mrs. Schuckert regarding what her husband had told her. The pertinent testimony was as follows:

"Q Did you discover who it was that asked for John?

"Mr. Ajamie: Objection, your honor.

"Mr. Wilks: Yes or no?

"Mr. Ajamie: Object, your Honor, the conversation was that he had asked for John and she handed the phone over.

"Now, she couldn't possibly have discovered therefore from the person on the telephone and anything after that would be her conclusions which would invade the province of the court.

"Mr. Wilks: The answer to the question I asked would certainly not invade the province of the court but if she later discovered who was on the phone.

"The Court: You may answer.

"A It was Harry McElwain.

"Q I'm sorry, I just asked whether you did discover later?

"A Yes I did.

"Q How did you discover this?

"A John told me."

Only one question was objected to and that question did not call for the answer given. The defendant not having requested that the unresponsive answer be stricken, it remains in the record. Salt River Valley Water Users' Ass'n v. Berry, 31 Ariz. 39, 250 P. 356 (1926).

■ Finally, defendant questions the sufficiency of the evidence supporting the trial court's judgment.

Our Supreme Court has repeatedly held that the evidence will be viewed in the strongest light toward sustaining the verdict, and where the evidence is conflicting this court will refrain from substituting its own opinion in place of that of the trial court or jury. *See e. g.,* A. N. S. Properties, Inc. v. Gough Industries, Inc., 102 Ariz. 180, 427 P.2d 131 (1967); Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522 (1947).

We will follow, in our examination of the record, the parties' apparent assumption that the case was determined by the trial court upon the fraud count of the complaint.

Our Supreme Court has, on numerous occasions, held that in order to sustain an action in fraud, the following nine ele-

.ments must be shown: (1) A representation; (2) its falsity; (3) its materiality; (4) speaker's knowledge of the falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940).

Defendant's main contention as to the sufficiency of the evidence to sustain these elements of fraud, is basically an attack upon the credibility of the witnesses. In the final analysis, if the trial court had believed defendant had made no representations as to ownership of the sets, that his role in this transaction was that of merely a supplier of information as a business favor, the trial court would have undoubtedly entered judgment in his favor. On the other hand, the trial court obviously believed the plaintiffs and their witnesses. The trial court is the proper tribunal to judge the credibility of the witnesses and to weigh the evidence. Todaro v. Gardner, 72 Ariz. 87, 231 P.2d 435 (1951). This court may only determine whether or not there was sufficient evidence before the trial court upon which it could reach a determination. Williams v. Nall, 4 Ariz.App. 416, 420 P.2d 988 (1966).

Our review of the transcript leads us to the conclusion that the trial court's belief as to credibility was not misplaced.

█. Defendant argues, in passing, that the transaction in question is within the statute of frauds. This defense was first raised at the end of trial on a motion to amend the answer to conform to the evidence. It is difficult for this court to see the materiality of this defense as the doctrine of full performance and the allegations of fraud would remove the transaction from the statute of frauds under either theory of the plaintiffs' case.

EUBANK, P. J., and HAIRE, J., concur.