NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LORI ANN DICKEY, *Petitioner/Appellee,*

*v.*

ARTHUR ANDREW DICKEY, *Respondent/Appellant.*

No. 1 CA-CV 22-0071 FC
FILED 1-10-2023

Appeal from the Superior Court in La Paz County
No. S1500DO201900001
The Honorable Robert Duber II, Judge *(Retired)*

**AFFIRMED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel Petitioner/Appellee*

R.J. Peters & Associates PC, Phoenix
By Rich J. Peters
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1        Arthur Andrew Dickey (Husband) appeals various rulings in the decree dissolving his marriage to Lori Ann Dickey (Wife). Because he has shown no error, the decree is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        The parties married in 1995. Wife petitioned for dissolution in 2019. Husband later petitioned for an order to show cause why Wife should not be found in contempt for violating the preliminary injunction preventing either party from disposing of community property without written consent or court order. Among other things, Husband alleged Wife improperly took their deceased son's cremated remains. Wife also asked that the remains be divided equally, which Husband opposed. The court deferred ruling on Husband's show cause petition until trial.

¶3        At a three-day bench trial, the court heard evidence, mainly centered on precious metals bought by Husband over the years. The resulting decree: (1) found Husband had not proved that certain accounts were his sole and separate property; (2) divided the community property; (3) awarded Wife spousal maintenance support; (4) ordered division of the parties' son's remains and (5) effectively denied Husband's petition for an order to show cause. This court has jurisdiction over Husband's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2023).[1]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶4**         Absent an abuse of discretion, this court will not disturb the superior court's rulings on division of property, *Hammett v. Hammett*, 247 Ariz. 556, 559 ¶ 13 (App. 2019), spousal maintenance, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 14 (App. 1998), or determinations of violations of preliminary injunctions, *Lonergan v. Strom*, 145 Ariz. 195, 200 (App. 1985). The characterization of property is reviewed de novo. *Hammett*, 247 Ariz. at 559 ¶ 13. The facts are viewed in a light most favorable to upholding the superior court's ruling. *Ball v. Ball*, 250 Ariz. 273, 275 ¶ 1 n.1 (App. 2020).

## I.         Husband Has Shown No Error in the Property Distribution.

### A.         Husband's Sole and Separate Property Arguments.

**¶5**         Husband argues the court abused its discretion in failing to find certain accounts were his sole and separate property. Husband had the burden to prove an asset's separate nature by clear and convincing evidence. *Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979).

#### 1.         Funds Traceable to 401(k).

**¶6**         Husband argues the court erred in awarding Wife $299,319.86 because transactions made with precious-metals dealer Lear Capital and money in an Equity Institutional fund derived from his premarital, sole and separate 401(k).[2]  Husband testified funds from his premarital 401(k) rolled over to various institutions over the years. The court found no clear and convincing evidence supporting a tracing of premarital funds, and the trial record supports the court's findings.

#### 2.         Inheritance Funds.

**¶7**         Husband argues the court erred in finding he did not meet his burden of proving that any property held at the service of the petition derived from his inheritance from his mother. The court found no documents in the record of his mother's death, probate proceedings, will, proof of estate or trust distributions, or direct or indirect contributions from

---

[2] Although Wife challenges statements in Husband's opening brief about a TD Ameritrade Account, Husband does not develop any substantive argument for that account, meaning he has waived any such argument. *Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000).

any probate-like source. The court also found no evidence that any purported money from the inheritance deposited into Husband's alleged sole and separate sub-account was traceable to any funds transferred from that account into Husband's sole and separate IRA or was used to purchase coins. The record on appeal supports the court's finding that Husband had not met his burden of proof.

### B. Husband's Community Property Arguments.

#### 1. Wife's IRA.

¶8 Husband argues the court erred in failing to award him half of the funds in Wife's School First IRA. Although the court did not divide this asset, Husband did not request its division in his pretrial statement and testified that Wife should keep all the funds in this IRA. *See Leathers v. Leathers*, 216 Ariz. 374, 378 ¶ 19 (App. 2007) (noting issue is not properly before the superior court when not raised in pretrial statement or at trial). Given this waiver, Husband has shown no error.

#### 2. Valuation of Wife's Award.

¶9 Husband argues the court erred in awarding Wife $253,301.63 related to transactions with Lear Capital, contending there is no Lear Capital asset to divide and that the records the court relied on did not accurately reflect the value of the asset as of the date of service. Husband made various purchases, exchanges and sales through Lear Capital during the marriage, totaling about $1.6 million. The court found that the precious metals referred to in records from Lear Capital could not be properly allocated. The court also reviewed the records documenting Husband's transactions and awarded Wife an amount based on purchases that were either picked up by or shipped to Husband and not accounted for, that were linked to retirement accounts in Husband's name only and exchanges that created revenue. As noted by Husband, the superior court has the discretion to select the valuation date in such a circumstance. *Sample v. Sample*, 152 Ariz. 239, 242-43 (App. 1986). The record supports the court's award to Wife and Husband has shown no error.

#### 3. Child's Remains.

¶10 Husband argues the court erred in failing to permit the parties' deceased child's remains be in Husband's possession for the same duration of time that Wife had been in wrongful possession of the remains and in failing to order that the remains then be interred at a particular

cemetery. Husband also objects to the court ordering that the remains be divided.

¶11 Parents have equal responsibility for final disposition of a child's remains, with the court to resolve any dispute when the parents disagree. *See* A.R.S. §§ 36-831 and 32-1365.02(J); *In re Ghostley*, 248 Ariz. 112, 115-16 ¶¶ 10-12 (App. 2020). In resolving such a dispute, the court must consider the decedent's wishes and whether the disposition of the remains will cause economic or emotional hardship. A.R.S. § 36-831.01(A). Wife offered to divide the decedent's remains and Husband declined. The court found no evidence of the decedent's wishes, considered the wishes of each parent, and ultimately ordered the remains divided by a professional third party. Husband has shown no abuse of discretion.

### 4. Reimbursement Requests.

¶12 Husband argues the court erred in failing to rule on specific reimbursement requests. Husband sought reimbursement for half the $3,200 in funds Wife allegedly removed from an account, guardianship care funds and a subsidy, mortgage and insurance payments, half the balance in Wife's AEA bank account and asked that each IRA be kept in their respective names.

¶13 Contrary to Husband's arguments, the court expressly ordered Wife to reimburse him the requested $1,296 in guardianship care funds. Husband's testimony indicates that the subsidy he requested is the same amount as the guardianship care funds. Husband did not seek reimbursement for mortgage payments or dental insurance premiums in the pretrial statement or at trial and thus waived these arguments. *Leathers*, 216 Ariz. at 378 ¶ 19. Husband asked that the IRAs be kept in each party's name, and it appears these accounts remained in their respective names.

¶14 As for the remaining reimbursement items, requests not expressly granted or addressed by the court are considered denied. *See McElwain v. Schuckert*, 13 Ariz. App. 468, 470 (1970). The record supports the denial of these items. No evidence in the record shows who withdrew the challenged $3,200. Husband also points to no evidence about amounts paid for insurance premiums or any supporting evidence showing the balance of Wife's AEA bank account on the date of service, or other information that would have been needed for the court to grant his requests. Husband has shown no abuse of discretion.

## II.    Husband Has Shown No Error in the Spousal Maintenance Award.

¶15        Husband argues the superior court abused its discretion in awarding Wife spousal maintenance, failing to cease temporary spousal maintenance retroactive to July 2020, and failing to order reimbursement for all amounts paid. Given Wife's circumstances (including her work history and physical condition), the court found she was unlikely to find more than half-time employment at entry level wages. The court noted that Wife is not yet qualified to receive social security benefits or Medicare, and that her IRA assets cannot meet her needs. The court also found that Wife had a reasonable expectation that she would be able to receive adequate support from Husband's earnings, his retirements accounts and social security benefits. The court found that the division of investment assets was in the nature of support and ordered that, until Wife had obtained an amount equal to 25 percent of the amount awarded to her, temporary spousal maintenance would continue until Wife obtained at least $75,000.

¶16        Husband argues Wife's testimony about her expenses and health condition lacked credibility. This court, however, defers to the superior court's determinations of witness credibility. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019). Because the record supports the court's findings, Husband has not shown that the court abused its discretion.

## III.    Alleged Violation of the Preliminary Injunction.

¶17        Husband argues the superior court failed to rule on his petition to show cause, arguing Wife should be held in contempt for violating the statutory preliminary injunction. Because the court did not rule on Husband's petition, it is deemed denied. *See McElwain,* 13 Ariz. App. at 470.

¶18        In pressing this argument, Husband ultimately challenges the disposition of certain property. Many items were awarded to Husband or equally, meaning he was not aggrieved. Other items either were not community property, were broken, were in the possession of other family members, or Wife agreed to give to Husband. Husband has not shown that the court abused its discretion in denying his petition to show cause.

**CONCLUSION**

**¶19** The decree is affirmed. Having assessed the parties' financial circumstances and their arguments on appeal, Wife's request for an award of attorneys' fees on appeal is granted. Wife is awarded her reasonable attorneys' fees incurred on appeal, as well as her taxable costs incurred on appeal, contingent upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA