NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

WYATT ANTHONY MORMILLO,
*Petitioner/Appellee,*

*v.*

ANGELICA ROSE PEARSON,
*Respondent/Appellant.*

No. 1 CA-CV 25-0808 FC

FILED 04-15-2026

---

Appeal from the Superior Court in Maricopa County
No. FC2024-093677, FC2024-093877
The Honorable Harla M. Davison, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Angelica Rose Pearson, Gilbert
*Respondent/Appellant*

Wyatt Anthony Mormillo, Mesa
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1          Angelica Rose Pearson (Mother) challenges an order for paternity, legal decision-making, parenting time and child support. Mother argues that Wyatt Anthony Mormillo (Father) should not be allowed to leave their minor child with his mother while exercising his parenting time, the court ignored Father's alleged physical abuse and Father's mother lied under oath. Because Mother has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Father have one minor child together, born in September 2023. In September 2024, Father filed a petition to establish paternity, legal decision-making, parenting time and child support. In October 2024, Mother filed her own petition to establish legal decision-making, parenting time and child support as well as a parenting plan for sole legal decision-making. The competing petitions were consolidated.

¶3          After a December 2024 temporary orders hearing, the court found Father was the child's father, ordered joint legal decision-making, adopted a plan for parenting time, ordered Father to pay Mother $115 per month in child support, denied competing requests for an interim award of attorneys' fees, and ordered each party to complete an affidavit of financial information.

¶4          At a July 2025 trial, the court heard testimony from Mother, Father and Father's mother and took the matter under advisement. In an August 2025 ruling, the court found that both parties committed an act of domestic violence against the other, and that Mother abused alcohol, but Father did not. The court awarded the parties joint legal decision-making, equal parenting time on a two-week schedule and ordered no child support payments. Finding Mother had considerably more financial resources and acted unreasonably in the litigation, the court awarded Father $6,302.50 in attorneys' fees and costs.

**¶5**         This court has jurisdiction over Mother's timely notice of appeal from the August 2025 ruling under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1) (2026).[1]

## DISCUSSION

**¶6**         Mother's opening brief fails to comply with ARCAP 13, which typically constitutes waiver. *See, e.g.*, *Ramos v. Nichols*, 252 Ariz. 519, 523 ¶¶ 10-11 (App. 2022). Mother also failed to provide any transcripts of the superior court hearings. This court will presume a missing transcript supports the superior court's rulings. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014). Despite these failures, given the issues involved (including the best interests of a minor child), this court addresses Mother's arguments.

## I.      The Parenting Time Ruling Was Not Error.

**¶7**         Mother asserts that Father exercising his parenting time at his parents' house should not be allowed because she "should not be sharing/losing [her] parenting time to [Father's] mother." Mother alleges that Father and his mother, on one occasion, ignored her calls and texts and kept the child away from her, which prompted her to call the police. Mother asserts Father and his mother "kidnapped" the child that day, and "kept her from [her] for 3 days."

**¶8**         This court reviews parenting time orders for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013). To determine parenting time, "the court shall adopt a parenting plan that provides for both parents to share legal decision-making regarding their child and that maximizes their respective parenting time." A.R.S. § 25-403.02(B). Here, the court granted the parties equal parenting time, on a two-week schedule, and found the plan was "practical and also maximizes each parent's parenting time to the extent it is in the child's best interests." When determining parenting time, the starting point is equal parenting time. *Smith v. Smith*, 253 Ariz. 43, 47 ¶ 17 (App. 2022). From there, "the superior court may adjust a parent's parenting time after considering several variables, such as relocation, domestic violence, and the children's best interests." *Id.* (citation omitted). The record provides support that this was done here. Moreover, Mother's arguments regarding compliance with the

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

parenting time ordered can be addressed by the superior court. *See* Ariz. R. Fam. L.P. 91.3; A.R.S. § 25-411(A). Mother has shown no error in the parenting time order.

## II. The Court Correctly Addressed Domestic Violence.

¶9 Mother alleges the court ignored instances of domestic violence by Father, both towards herself and their child. Mother asserts that, at the temporary orders hearing, she "mentioned the physical abuse and child abuse that [Father] confessed to and it was still dismissed and he was awarded temporary joint custody." Mother adds that, at trial, she brought up fighting between the couple, but Father was "again awarded joint legal decision making and joint parenting time after all the evidence provided."

¶10 By statute, if the court finds that a parent has committed domestic violence against the other parent, *see* A.R.S. § 25-403.03(C), the court must then determine whether the offending parent has rebutted the statutory presumption under A.R.S. § 25-403.03(D). *See* A.R.S. § 25-403.03(E). But this presumption does not apply if both parents have committed an act of domestic violence. *See* A.R.S. § 25-403.03(D). Here, the order considered the statutory factors, including an order of protection Mother obtained against Father. A.R.S. § 25-403.03(C).

¶11 The court found that both Mother and Father engaged in acts of domestic violence. The court then analyzed the categories of domestic violence under A.R.S. § 25-403.03 and addressed the presumption under A.R.S. § 25-403.03(D). The court found that the competing acts of domestic violence negated the statutory presumption because both parents committed an act of domestic violence against the other. Mother has shown no error in that finding. And when the presumption does not apply, the parties can be awarded joint legal decision-making. *See* A.R.S. § 25-403.03(A) & (D). That is what happened here. On this record, Mother has shown no error in the award of joint legal decision-making.

## III. Mother Has Not Proven Father's Mother Lied Under Oath.

¶12 Mother asserts that Father's mother lied under oath about a phone call she alleges never occurred between them and stated Mother said things that never happened on a separate occasion. Mother, however, did not provide a transcript of the competing testimony, which is presumed to support the court's conclusions. *See Myrick*, 235 Ariz. at 495 ¶ 11. Nor has she shown that the superior court improperly resolved conflicting testimony, if such testimony was presented to that court. *Hurd v. Hurd*, 223

Ariz. 48, 52 ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence.").

## CONCLUSION

¶13      The August 2025 ruling is affirmed.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:      JR